Aaron W. Baker, OSB No. 922220
Email: aaron@awbakerlaw.com
Serena L. Liss, OSB No. 154799
Email: serena@awbakerlaw.com
BAKER & LISS PC
1000 SW Broadway, Suite 2300
Portland, OR 97205
Phone: 503/ 234-8800
Fax: 503/ 525-0650

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **REBECCA MCBRAYER**, | Case No. 3:25-cv-00057 |
| Plaintiff, | COMPLAINT |
| v. | Unlawful Employment Practices |
| **PORTLAND PUBLIC SCHOOLS**, | (Title VII; 42 U.S.C. § 12112; ORS 659A.030; ORS 659A.109; ORS 659A.112; ORS 659A.118) |
| Defendant. | |
| | **DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages, and attorney fees for herself to redress injuries done to her by Defendant Portland Public Schools and officers, employees, members, and/or agents of said

Defendant in contravention of her federally protected rights in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act of 1990, as amended, and her state protected rights in violation of ORS 659A.030, ORS 659A.109, ORS 659A.112, and ORS 659A.118.

**Jurisdictional Allegations**

2.

The court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all the events or omissions giving rise to the claims occurred in this judicial district.

**General Factual Allegations**

4.

Defendant Portland Public Schools (hereinafter "PPS" or "Defendant") is and was at all material times herein mentioned a public school district with its principal place of business located at 501 North Dixon, Portland, Oregon 97208 in Multnomah County, Oregon.

5.

Plaintiff is and was a resident of Portland, Multnomah County, Oregon at all material times herein.

6.

At all material times herein, Plaintiff was supervised by Defendant's employees, supervisors, management, and/or agents and Plaintiff relied on the



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

actual or apparent authority of Defendant's employees, supervisors, management, and/or agents.

7.

Defendant discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to discrimination and harassment, and retaliated against Plaintiff for engaging in various protected activities.

8.

Defendant hired Plaintiff on or about October 5, 2022 to be a custodian at Kellogg Middle School (hereinafter "Kellogg") in Portland, Oregon. She was hired to work the evening shift.

9.

Plaintiff suffers from a physical and/or mental impairment that affects one or more major life activity, including but not limited to concentrating, thinking, sleeping, and communicating. Despite Plaintiff's disability, her perceived disability, and/or record of her disability, she was able, with or without accommodation, to perform each essential function of her position with Defendant.

10.

On Plaintiff's first day of employment at Kellogg, she noticed a mug with a drawing of male genitalia on the mug. The mug was next to the computer monitor where custodial staff sign in and out of work and check their work email. Plaintiff learned the mug belonged to her supervisor, the Head Custodian. Plaintiff avoided looking at the mug because she felt it was offensive and inappropriate for the workplace and, in particular, for a middle school. She did not read the small print, but did see the word "SACK" written on the mug in oversized bold letters.

///



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

11.

Plaintiff reported the offensive mug to Kellogg's assistant principal on or about December 10, 2022.

12.

Following a fire drill on or about December 13, 2022, Plaintiff notified the Head Custodian that she would need to refrain from participating in future fire drills for medical reasons.

13.

On or about December 15, 2022, the offensive mug was removed from the custodial office.

14.

During the evening of December 15, 2022, PPS's Facilities and Operations Manager (hereinafter "FOM") made an unannounced visit to Kellogg. During Plaintiff's conversation with the FOM, she informed him that she would need to refrain from participating in future fire drills for medical reasons. Plaintiff also reported that a colleague was charging her marijuana vape pen in the middle school office to which the FOM responded that it was "okay" for custodians to charge their marijuana vape pens at school. During their interaction, the FOM informed Plaintiff that Plaintiff had allegedly returned late from her meal break and threatened to terminate her employment.

15.

Defendant treated Plaintiff differently from how it treated male custodians. For example, the Head Custodian would offer male custodians preferential hours and overtime before making the offer to Plaintiff even though Plaintiff had seniority. For example, when the Head Custodian would take time off, a regular custodian would cover the Head Custodian's shift—which was the day shift—and



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

would receive higher wages for that shift. Similarly, when the school hosted special events like school plays, custodians would perform overtime work to cover those events. The Head Custodian would usually ask Plaintiff's male colleagues to cover his shifts or to work overtime and would only ask Plaintiff if the male custodians were unable to cover.

16.

Plaintiff witnessed a male custodian refer to women as "bitches" and "hos" or words to that effect. The employee also used the terms "retarded" and "retard" regularly.

17.

During Plaintiff's employment with Defendant, the Head Custodian subjected Plaintiff to discriminatory and retaliatory performance evaluations that included unwarranted criticisms of Plaintiff's performance. He would also yell at Plaintiff, hyper scrutinize her work and her schedule, and subjected Plaintiff to differential treatment for engaging in conduct that her male colleagues also engaged in.

18.

On or about December 23, 2022, Plaintiff submitted a request for accommodation for her disability to FMLAsource, which is the vendor Defendant uses to manage medical leave and ADA accommodations. Specifically, Plaintiff informed FMLAsource that the fire drills triggered her disability. She requested that she not be required to participate in fire drills. After FMLAsource responded, requesting information to process FMLA leave, Plaintiff clarified on January 3, 2023 that she did not believe that she needed FMLA leave. Instead, she was requesting that during fire drill she be allowed to walk a block away from the school to wait for the alarm to stop.

///



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

19.

Plaintiff reached out to FMLAsource on March 7, 2023 stating that there would be two fire drills during her shift on March 9, 2023. She requested an accommodation to not work that day and instead use available leave time. FMLAsource requested additional information, including authorization to contact Plaintiff's healthcare provider, which Plaintiff authorized on March 8, 2023.

20.

Plaintiff made various additional complaints to Defendant's Human Resources Department (hereinafter "HR") and/or management during her employment. On or about March 14, 2023, Plaintiff reached out to HR explaining that she needed to file a formal complaint for sex discrimination, disability discrimination, and whistleblower retaliation. Plaintiff spoke on the phone with HR on March 15, 2023. During Plaintiff's conversation with HR, HR offered Plaintiff the option of changing work locations, which Plaintiff declined. Plaintiff submitted a detailed written formal complaint to HR on or about March 27, 2023.

21.

Following Plaintiff's March of 2023 complaints, Defendant, including the Head Custodian and the FOM, continued hyper scrutinizing Plaintiff's work and schedule, threatened to terminate Plaintiff's employment, yelled at Plaintiff, and offered preferential hours and overtime to male custodians before offering them to Plaintiff.

22.

Defendant reached out to Plaintiff on or about March 27, 2023 regarding her accommodation request. Sometime on or after March 27, 2023, Defendant approved the accommodation request. However, despite Plaintiff repeatedly requesting an email notification of upcoming fire drills from the Vice Principal (which is how all



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

staff is notified of upcoming fire drills), various PPS staff continued to verbally notify Plaintiff of upcoming fire drills. Plaintiff felt as though she was being singled out, which caused her stress and to feel humiliated. Plaintiff also complained that PPS had needlessly shared her protected medical information with various employees. Plaintiff had a reasonable belief that PPS had violated her privacy rights and her rights under HIPAA and the ADA.

23.

During Plaintiff's employment with Defendant, she requested additional reasonable accommodations. Defendant failed to adequately engage in the interactive process for the requested accommodations and denied at least one request without engaging in the interactive process. For example, on or about April 5, 2023, Plaintiff requested to be exempt from the rule that requires employees to call in between the hours of 8:00 a.m. and 10:00 a.m. when the employees are returning to work from an absence. She explained that her disability affects her sleep, that she is typically asleep during this time, and that requiring her to call during those hours affects her health. Defendant did not engage in the interactive process regarding this request for accommodation. To Plaintiff's knowledge, Defendant did not approve the accommodation request.

24.

On or about April 5, 2023, Plaintiff reported that the Head Custodian "has repeatedly demonstrated discrimination against me based on gender and disability." Plaintiff further reported that his "hostile and aggressive behavior" impacts her disability. Therefore, she requested as an accommodation that she receive 24 hours' notice for any performance evaluations and that the custodial office door remain open during those meetings.

///



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

25.

On or about May 26, 2023, Defendant again offered to transfer Plaintiff's work location. Plaintiff declined because Kellogg was within walking distance from Plaintiff's home, she had established great working relationships with several of Kellogg's staff, and she felt that Defendant suggesting she relocate was not an adequate response to her complaints and felt like retaliation.

26.

Because the work environment did not improve following her complaints, Plaintiff made various other detailed reports and/or complaints to HR and management. In or about June of 2023, Plaintiff's complaints were handed off to an Employee and Labor Relations Investigator with PPS.

27.

On or about July 10, 2023, Defendant terminated Plaintiff's employment.

28.

Plaintiff timely served tort claim notices on Defendant pursuant to ORS 30.275.

29.

Plaintiff filed a Complaint with the Equal Employment Opportunity Commission ("EEOC") on or about August 22, 2023. Plaintiff requested a Notice of Right to Sue from the EEOC on or about October 14, 2024. In response, on October 15, 2024, the EEOC forwarded the request to the U.S. Department of Justice for action. This Complaint has been filed within the EEOC's prescribed deadline.

**First Claim for Relief**

**Title VII – Sex Discrimination**

30.

Plaintiff realleges paragraphs 1 through 29 above as fully set forth herein.



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

31.

Defendant discriminated against Plaintiff in the terms and conditions of her employment, including but not limited to subjecting Plaintiff to disparate treatment, subjecting Plaintiff to unfair and false criticisms, micromanaging her, denying her requests for accommodation, failing to engage in the interactive process, subjecting Plaintiff to a hostile work environment, and terminating Plaintiff's employment on the basis of her sex and/or gender in violation of Title VII.

32.

As a result of the discrimination by Defendant, Plaintiff has incurred economic damages including but not limited to lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and loss of future job opportunities in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

33.

As a direct and proximate result of Defendant's conduct Plaintiff has suffered and will continue to suffer stress, sadness, anxiety, panic attacks, anger, lethargy, sleepless nights, humiliation, embarrassment, disbelief, sorrow, inconvenience, loss of self-confidence, and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

34.

Plaintiff is entitled to recover her costs and attorney fees pursuant to 42 U.S.C. § 1988 and Title VII.

35.

Plaintiff seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under federal law.

///



**BAKER & LISS PC**
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

**<u>Second Claim for Relief</u>**

**ORS 659A.030 – Sex Discrimination**

36.

Plaintiff realleges paragraphs 1 through 35 above as fully set forth herein.

37.

Defendant discriminated against Plaintiff in the terms and conditions of her employment, including but not limited to subjecting Plaintiff to disparate treatment, subjecting Plaintiff to unfair and false criticisms, micromanaging her, denying her requests for accommodation, failing to engage in the interactive process, subjecting Plaintiff to a hostile work environment, and terminating Plaintiff's employment on the basis of her sex and/or gender in violation of ORS 659A.030.

38.

As a result of the discrimination by Defendant, Plaintiff has incurred economic damages including but not limited to lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and loss of future job opportunities in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

39.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer stress, sadness, anxiety, panic attacks, anger, lethargy, sleepless nights, humiliation, embarrassment, disbelief, sorrow, inconvenience, loss of self-confidence, and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

40.

Plaintiff is entitled to recover her costs and attorney fees pursuant to ORS 659A.885 and ORS 20.107.



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

41.

Plaintiff seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under Oregon law.

**<u>Third Claim for Relief</u>**

**Title VII – Hostile Work Environment**

42.

Plaintiff realleges paragraphs 1 through 41 above as fully set forth herein.

43.

Defendant's conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected her employment opportunities.

44.

Plaintiff realleges her damages as stated in paragraphs 32 through 35 above.

**<u>Fourth Claim for Relief</u>**

**ORS 659A.030 – Hostile Work Environment**

45.

Plaintiff realleges paragraphs 1 through 44 above as fully set forth herein.

46.

Defendant's conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected her employment opportunities.

47.

Plaintiff realleges her damages as stated in paragraphs 38 through 41 above.



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

**Fifth Claim for Relief**

**Title VII – Retaliation**

48.

Plaintiff realleges paragraphs 1 through 47 above as fully set forth herein.

49.

Defendant discriminated against Plaintiff in the terms and conditions of her employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated Title VII.

50.

Plaintiff realleges her damages as stated in paragraphs 32 through 35 above.

**Sixth Claim for Relief**

**ORS 659A.030 – Retaliation**

51.

Plaintiff realleges paragraphs 1 through 50 above as fully set forth herein.

52.

Defendant discriminated against Plaintiff in the terms and conditions of her employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated ORS 659A.030.

53.

Plaintiff realleges her damages as stated in paragraphs 38 through 41 above.

**Seventh Claim for Relief**

**42 U.S.C. § 12112 – Disability/Perceived Disability Discrimination**

54.

Plaintiff realleges paragraphs 1 through 53 above as fully set forth herein.

55.

At all material times, Plaintiff was a qualified person with a disability as defined by 42 U.S.C. § 12102.

///



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

56.

Defendant knew about Plaintiff's disability at all material times.

57.

Alternatively, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

58.

Defendant took adverse employment actions against Plaintiff in violation of her federally protected rights. Plaintiff's disability and/or perceived disability and/or record of a disability were but for causes of Defendant's adverse employment actions in violation of 42 U.S.C. § 12112.

59.

Plaintiff realleges her damages as stated in paragraphs 32 through 35 above.

**Eighth Claim for Relief**

**ORS 659A.112 – Disability/Perceived Disability Discrimination**

60.

Plaintiff realleges paragraphs 1 through 59 above as fully set forth herein.

61.

At all material times alleged herein, Defendant employed six or more persons.

62.

At all material times, Plaintiff is a qualified person with a disability as defined by ORS 659A.104.

63.

Defendant knew about Plaintiff's disability at all material times.

///

///



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

64.

Alternatively, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

65.

Defendant took adverse employment actions against Plaintiff in violation of her state-protected rights. Plaintiff's disability and/or perceived disability and/or record of a disability were but for causes of Defendant's adverse employment actions in violation of ORS 659A.112.

66.

Plaintiff realleges her damages as stated in paragraphs 38 through 41 above.

**Ninth Claim for Relief**

**42 U.S.C. § 12112 – Retaliation**

67.

Plaintiff realleges paragraphs 1 through 66 above as fully set forth herein.

68.

Defendant retaliated against Plaintiff in the terms and conditions of her employment due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated 42 U.S.C. § 12112 and/or her engagement in protected activities, including but not limited to requesting reasonable accommodations and attempting to engage in the interactive process.

69.

Plaintiff realleges her damages as stated in paragraphs 32 through 35 above.

**Tenth Claim for Relief**

**ORS 659A.109 – Disability/Perceived Disability Retaliation**

70.

Plaintiff realleges paragraphs 1 through 69 above as fully set forth herein.



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

71.

Plaintiff engaged in protected activity under ORS 659A.109, including but not limited to requesting reasonable accommodations and attempting to engage in the interactive process for her medical conditions.

72.

Defendant retaliated against Plaintiff in the terms and conditions of her employment in violation of ORS 659A.109 for engaging in protected activity.

73.

Plaintiff realleges her damages as stated in paragraphs 38 through 41 above.

**Eleventh Claim for Relief**

**ORS 659A.112, ORS 659A.118 – Failure to Engage in the Interactive Process and/or Accommodate Plaintiff's Disability**

74.

Plaintiff realleges paragraphs 1 through 73 above as fully set forth herein.

75.

Defendant discriminated against Plaintiff in violation of her state protected rights under ORS 659A.112 and ORS 659A.118 by failing to engage in the interactive process and/or by failing to make reasonable accommodations for Plaintiff's disability.

76.

Plaintiff realleges her damages as stated in paragraphs 38 through 41 above.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For permanent injunctive relief enjoining Defendant, their officers, employees, and agents from engaging in any harassment or discrimination,



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

or for retaliating against any employee opposing unlawful employment practices;

2. Economic damages and future losses to be determined at trial;

3. Noneconomic damages to be determined at trial;

4. Reasonable costs and attorney fees; and

5. For such other and further relief as the Court may deem just and equitable.

DATED this 10th day of January, 2025.

BAKER & LISS PC

*s/ Serena L. Liss*
Aaron W. Baker, OSB No. 922220
Serena L. Liss, OSB No. 154799
Attorneys for Plaintiff



**BAKER & LISS PC**
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800